IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

      vs.                        *   CRIMINAL NO. MJG-14-0071

SAMUEL R. VANSICKLE              *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it the Government's Motion to Vacate ECF 165 and Court's Order, ECF 166 [ECF No. 167] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In a settlement conference before Magistrate Judge Copperthite, counsel for the United States, Assistant United States Attorney ("AUSA") McDonald and counsel for Mary VanSickle of the law firm of Brown & Nieto reached the agreement reflected in the filed joint status report [ECF No. 164], which states:

> "The parties have agreed in principle to a resolution of claims specific to Mary Vansickle. ECF 107. Ms. Vansickle has agreed to dismiss her claims, and <u>the government has agreed that it will not seek to amend the Samuel Vansickle forfeiture order to include his mortgage on her home on Blackwood Road</u>. As soon as the parties have agreed on the language of a joint motion and proposed order, it will be submitted to Judge Garbis."

Status Report at 1, ECF No. 164 (emphasis added). Thereafter, Brown & Nieto drafted a proposed "Joint Motion to Dismiss Motion

to Set Aside Forfeiture" that stated: "The United States agrees that it will not pursue any new or additional forfeitures related to this case against Mary VanSickle." ECF No. 165.

This draft was sent to Government counsel on September 13 for approval.[1] AUSA McDonald was absent from the office on this date, but the draft was read by her supervisor, AUSA Shea, who – without communication with AUSA McDonald - approved the draft and gave permission for Brown & Nieto to file it. In doing so, Mr. Shea stated that Brown & Nieto could use Ms. McDonald's signature block.

On September 21 at 12:30 P.M., Brown & Nieto filed the draft as a Joint Motion [ECF No. 165]. The Joint Motion reflected that it had been signed by C. Justin Brown and AUSA McDonald, although AUSA McDonald had not agreed to the motion or signed it. AUSA McDonald received a copy of the filed document and promptly, at 3:22 P.M. on September 21, spoke to a Brown & Nieto attorney. She communicated her disagreement with the draft and proposed using the agreed language in the Joint Status Report. Following this call, she sent an amended draft to Brown & Nieto but did not receive a response.

Both parties contacted chambers regarding the Joint Motion but offered differing positions. AUSA McDonald states that she

---

[1] All dates referenced herein are in the calendar year 2018.

called chambers to ask that the motion not be ruled upon. However, the Government did not file anything formal indicating that the Joint Motion did not accurately reflect the agreement of AUSA McDonald. Parties also state that chambers corresponded with an attorney at Brown & Nieto, who indicated that no additional or amended motions would be filed.

On October 6, the Court, believing that the Joint Motion was agreed upon, granted the motion.

By the instant motion, the United States seeks to have the Court vacate its granting of the Joint Motion. The Government notes that the drafting issue may be moot because the Government is not aware of any assets upon which it could base a claim against Mary VanSickle. But the Government contends that it should not be held to have agreed not to pursue any forfeiture claim against Mary VanSickle of which it may become aware in the future.

The Court finds that it issued the Order [ECF No. 166] granting the Joint Motion by virtue of its erroneous belief that its action was in accordance with the parties' agreement. However, Government counsel had promptly communicated to Brown & Nieto that the proposed Order was not agreed upon within 3 hours of its filing, on September 21 at 3:22 P.M. While Brown & Nieto may contend that the motion would have been granted even if

contested, once they were aware that there was no agreement, they should promptly have ensured that the Court was not misled.[2] Thus, the Court finds that it must rescind its grant of the Joint Motion.

Of course, this rescission does not resolve the question of whether the Government is bound by the agreement stated in the draft submitted as the Joint Motion. The parties have not yet reached agreement upon the reduction to writing of the oral agreement stated in the Joint Status Report. If the parties can do so, they may reach such an agreement. If the parties cannot agree, they may pursue their legal rights. For example, Mary VanSickle would be free to seek to enforce what she may contend is the binding agreement of AUSA Shea to her proposed draft Joint Motion. Such a motion would require consideration of whether there was a mistake by AUSA Shea and whether there was any reliance by Mary VanSickle upon the agreement as stated by AUSA Shea. Also, the Government may be able to seek to enforce a right to have a contract using the language set forth in the agreement stated in the Joint Status Report.

---

[2] Of course, Government counsel should also have communicated after its initial call with chambers to avoid the misunderstanding.

For the foregoing reasons:

1. The Government's Motion to Vacate ECF 165 and Court's Order, ECF 166 [ECF No. 167] is GRANTED.
2. The Order issued October 6 [ECF No. 166] is RESCINDED.
3. This action does not determine whether or not the Government is required to forego pursuing any new or additional forfeitures related to this case against Mary VanSickle.

SO ORDERED, this Tuesday, March 13, 2018.

/s/
Marvin J. Garbis
United States District Judge